(Chief Justice Williams taking the place of Judge Cherrington.)

### MARY A. KUDER V. ALEXANDER DUMM.

1. ANSWER TO A COMPLAINT IN BASTARDY TO BE A BAR TO SUCH PROCEEDINGS, MUST SHOW.

   An answer to a complaint in bastardy, setting up a compromise before a magistrate, under sec. 5617, of the Rev. Stat., in order to be a bar to such proceeding, must show: (1) The payment, or securing to be paid, to the complainant, the amount of money or property agreed to be received in full satisfaction. (2) The giving "bond to the state of Ohio, with sufficient surety," to be approved and conditioned as required by said section. (3) The discharge of the accused from custody, upon payment of the costs of prosecution. (4) That the agreement was made or acknowledged by both parties, in the presence of the justice, and a memorandum thereof entered upon his docket.

2. FAILURE OF ANSWER TO CONTAIN CERTAIN ENUMERATED REQUIREMENTS.

   Where such answer shows the first and fourth requirements, but fails to show the other two, the defense is not made out.

3. VALIDITY OF BOND GIVEN BY THE ACCUSED AT THE TIME AND PLACE OF A COMPROMISE IN A BASTARDY PROCEEDING.

   A bond, or paper writing, executed by the accused, with surety at the time and place of said alleged compromise, in presence of the complainant and the justice, and to her satisfaction, and filed with the justice and entered upon his docket, but not given to the state of Ohio, nor having any obligee, nor conditioned as required by said section of the Revised Statutes, but purporting to covenant and agree to take the illegitimate child after a fixed period, and care for and maintain the same "until said child needs no care," is not good as a statutory bond under said section; nor does the same—together with the averments showing that the accused was able, ready and willing to take said child and maintain it, had gone for it and the mother had refused to let him have it—show a substantial compliance with said section.

4. RIGHT OF COMPLAINANT IN A BASTARDY PROCEEDING TO EFFECT A COMPROMISE WITH THE ACCUSED.

The great leading object of the law is to protect the public. No power whatever is given to the complainant to impair the public security by such settlement. It cannot be made until the accused has given security that the public shall not be burthened with the support of the child.

ERROR to the Court of Common Pleas of Ross county.

The facts are stated in the opinion.

CLARK, J.

This is a petition in error filed in this court seeking the reversal of the judgment of the court of common pleas of this county.

The errors assigned are as follows viz.:

(1.) "The court erred in overruling the demurrer of the plaintiff in error to the answer or plea of the said Dumm.

(2.) "The court erred in dismissing the defendant hence without day.

(3.) "Said judgment was given for the said defendant in error, when it ought by the law of the land to have been given for said plaintiff in error."

The proceeding below was under the Bastardy Statutes of the state. On the 30th day of October, 1882, plaintiff made complaint in the usual form, before E. W. Walker, a justice of the peace in and for Colerain township, Ross county, that she was an unmarried woman, resident of said county "and that on the 27th day of January, A. D. 1881, she was delivered of a bastard child, and that Alexander Dumm was the father of the child "

A warrant was issued—Dumm arrested and taken before said justice when and where he moved to dismiss the complaint, on the ground that a previous one had been made before B. F. Waite, a justice of the peace of the same township, for the same matter, and had been then and there compromised. The motion was overuled, the plaintiff examined under oath, the examination reduced to writing, signed, etc., and defendant recognized to the court of common pleas.

In the court of common pleas, the defendant filed his answer, or plea as it is styled, to said complaint, and says:

"That on the 20th day of September, 1881, the said Susan A. Kuder made complaint in the manner provided by law, before B. F. Waite, one of the justices of the peace of said county, in Colerain township, charging the defendant with being the father of her bastard child. That a warrant thereupon issued in due form of law, by said justice, and which was delivered to and served by J. G. Neff, a constable of said township, who arrested said defendant and took him before said justice to be dealt with according to law. That the said complainant also appeared at the same time, before said justice, and that thereupon said parties, in the presence of said justice, compromised said cause, and said agreement of compromise was duly entered on the docket of said justice. That by the terms thereof, said defendant agreed to pay, and said defendant to accept, in full discharge, compromise and adjustment of said cause of action and complaint, the sum of one hundred and twenty-five dollars, payable in installments of twenty-five dollars each, and to accept his notes' with security for the same, payable, respectively, at the following dates: September 22, 1881; March 20, 1882; September 20, 1882; March 20, 1883, and September 20, 1883. That said notes with satisfactory security were accordingly then executed by said defendant, and received by said complainant in full settlement and discharge of the sum of money so agreed to be paid. And defendant further says that the same have been duly paid. Defendant further says, that it was also agreed between them and made part of said agreement of compromise and settlement, that he would, in compliance with her request then made, enter into an obligation with his father, Eli Dumm, as joint obligor, to take the said child on the first day of April, 1882, and thenceforth provide for and maintain said child; which said bond or obligation was accordingly then and there executed in the

presence of the said complainant and said justice, and to her satisfaction, and filed with said justice, and entered upon his docket, and is in the words and figures following, to-wit:

" 'Know all men by these presents that we, Alexander Dumm and Eli Dumm, in pursuance of a compromise entered into between Susan A. Kuder, as complainant, and Alexander Dumm, defendant, in a suit of bastardy before B. F. Waite, a Justice of the Peace, in and for Colerain Township, Ross County, Ohio, by these covenants agree to take the child of said Susan A. Kruder, and for whose maintenance this action is brought, and who the said Alexander Dumm is the reputed father of, and care for and maintain from and after April 1st, 1882, and until said child needs no care.

"Alexander Dumm,<br>"Eli Dumm."

"Defendant says the time of taking said child was postponed until said date at the request of said complainant, and because of its tender age. He says that at said date he went for said child, in accordance with his agreement, for the purpose of taking care of the same, he having fully prearranged for its proper care and maintenance in the home of his parents; but that said complainant refused to permit him so to do, and that she has ever since continued to refuse to permit him to perform said agreement. He says that the present complaint against him is on account of the same child, and is the same charge as that preferred before the said B. F. Waite, and compromised as aforesaid. He further says that he has at all times been willing and ready, and still is ready, willing and able to give a suitable home to said child, where it will be raised and maintained much better than it can be by its said mother.

"Defendant, therefore, says that he is not liable further to said action, and prays that he may be discharged."

To this answer the plaintiff demurred on the ground that it did not state facts sufficient to constitute a defense to said action. The court below overruled said demurrer, and the plaintiff not desiring to plead further, the court gave judgment for defendant that he go hence without delay and recover of the plaintiff his costs herein expended.

To all of which the plaintiff, by her counsel, excepted.

Are the facts stated in the answer sufficient to constitute a bar to the action of complainant? As we understand it, in order to be a bar, the facts stated must be full and complete, and go to the whole cause of action.

Section 5617, Rev. Stat., provides: "If, during the examination before the justice, or at any time before judgment in the court of common pleas, the accused pay, or cause to be paid, to the complainant, such amount of money or property as she may agree to receive in full satisfaction, and give bond to the state of Ohio, with sufficient surety, to be approved by the justice, court, or judge in vacation, conditioned to save any county, township or municipal corporation within the state free from all charges for the maintenance of such bastard child, the justice, court, or judge in vacation, shall discharge the accused from custody, upon payment of costs of prosecution; but such agreement shall be made or acknowledged by both parties, in the presence of the justice court, or judge, who shall thereupon enter a memorandum thereof upon his docket, or cause the same to be made upon the journal."

To satisfy the requirements of this section, it is necessary for the answer to show:

(1.) The payment, or securing to be paid to complainant, the amount of money or property agreed to be received in full satisfaction.

(2.) The giving "bond to the state of Ohio, with sufficient surety," to be approved and conditioned as required.

(3.) The discharging of the accused from custody, upon payment of the costs of presecution.

(4.) That the agreement was made or acknowledged by both parties in the presence of the justice and a memorandum thereof entered upon his docket. These matters are as we understand it conditions precedent to the right to be discharged and necessary to be shown. The answer shows the first and fourth requirement but fails to show the others.

At the April term 1844 of the supreme court of Ohio Cincinnati Hamilton county Judges Lane and Wood in the case of Valentine v. Whitten 1 Dec. R. 57 (s. c. 1 W. L. J., 396), (bastardy) *held:* "Where the plea is, that the parties compromised before a magistrate, and the entry on his docket only shows that they compromised to the satisfaction of the complainant, without stating that the defendant paid her anything for the support of the child, or gave any security to indemnify the township, the defense is not made out."

In the case of Kezartee v. Cartmell, 31 O. S., 522, which seems, from the syllabus, to have been decided on the ground that the compromise plead in bar, "was obtained by the fraud of the accused," Mr. Justice Boynton, however, in the opinion, pp. 526, 527, says:

"In the first place, it does not appear from transcript, contained in the record of the proceedings had before the justice, that any order was made discharging the accused from custody, or that any judgment was rendered in the premises. Nor does it appear from the record that he was entitled to such discharge. All that appears to have been done by the justice was to take the examination in writing, make a memorandum on his docket that the parties had "compromised," and accept and record the bond given by the accused, conditioned to save the township free from all charges toward the maintenance of the complainant's child. This action did not embrace all the requirements of the statute, which are precedent conditions to the right to be discharged." Then, after quoting the section of the statute then in force, the learned judge proceeds:

"It thus appears that before the accused was entitled to an order for his discharge, he must have paid, or secured to be paid, the sum which the complainant agreed to receive in satisfaction of her claim upon him by reason of his being the father of her illegitimate offspring, and he must have executed the required bond, paid the costs of prosecution, and together with the complainant, have made or acknowledged said agreement in the presence of the justice. It does not appear that the two last requirements were complied with. The entry by the justice that the parties compromised, is not a compliance with the terms of the proviso. The agreement must be made in his presence, or its terms acknowledged before him, in order that a memorandum thereof may go upon the docket as evidence of the agreement made."

So, in the case under consideration, the second and third requirements before mentioned were not complied with. It does not appear from the answer that any order was made discharging the accused from custody upon payment of the costs, or that any judgment was rendered in the premises. There is, therefore, no judgment shown to constitute a bar to further proceedings. Nor is it shown that the costs of prosecution were paid. And more important still, the answer fails to show that a bond such as required by the statute, was executed. The bond, or whatever it may be called, that is set forth in the answer, is not given "to the state of Ohio," as required by the statute; nor is it conditioned as required. It is not good as a statutory bond. Indeed, it has no obligee at all. This is conceded by defendant's counsel; but it is earnestly contended that it is a substantial compliance with the statute, and that any one who might be called upon to contribute to or furnish maintenance to the illegitimate offspring, could recover upon it. We cannot yield our assent to this contention. The township is entitled to a statutory bond, one executed in conformity to law, with approved surety, and is not bound to take the risk of a doubtful or defective one. This bond seems to have been executed merely to satisfy the mother. It is the public that is to be satisfied and protected,

not the mother. As said by Reed, J., in Hawes v. Cooksey, 13 O., 242, 245: "The statute has not left the performance of this duty" (maintenance of the child) "by the putative father to depend upon the disposition of the mother * * * It is intended not directly for her benefit, but that of the child, and to cast the duty of its support upon the father, and to prevent it falling upon the public."

In Perkins v. Mobley, 4 O. S., 668, the second proposition of the syllabus is: "The liability of the father is created by the statute, and designed for the security of the public against the support of the child, by compelling him to make the necessary provision therefor; and can only be settled by the mother, while the complaint is pending before the justice, and upon giving security to the township in which she resides, against all liability for such support."

In the same case, pages 472-3, Ranney, J., in discussing the plea of an alleged settlement with the mother of the bastard child says: "If the suit could be said to be presecuted for her benefit, and if the remedy was designed to afford her redress, it would seem clear that she could settle the controversy, and effectually bar herself by receiving such satisfaction as she had agreed to accept. But nothing could be further from the purpose of the statute. The law gives her no remedy against her guilty paramour. It regards them as equally in fault, and is only solicitous for the support of the innocent offspring of their guilt." * * * "The great leading purpose of the law must be kept constantly in view; and no power in the mother over the proceeding, inconsistent with the right of the child to this support from the father, and consequent indemnity to the public, can be recognized."

And after stating particularly when and how the proceeding can be settled, he says: "No power whatever is given to the complainant to impair the public security in this settlement. It cannot be made until the accused has given security that the public shall not be burthened with the support of the child. If such security is not given, he must be bound over."

In the case of Clark v. Petty, 29 O. S., 452, an action on a recognizance, given after judgment in the common pleas and forfeited, but which by analogy is applicable, Boynton, J., p. 455, says: "But the recognizance runs to the state, and necessarily so. And when properly forfeited, the whole sum, in which the recognizers acknowledged themselves to be indebted to the state, became due." And after stating that the case well illustrates the rule requiring the action to be brought in the name of the state; the amount of the penal sum; the amount due the plaintiff, "not in her own right, but in the right of the child, to the support of which the sum, when received, was to be applied;" that the balance belonged to the township, but that the forfeiture of the recognizance gave rise to but one cause of action." The learned Judge says: "And to recover that debt, one action only will lie, and that action must be brought by the state, the common trustee, for the purposes of the action, for all who are or may be entitled to the fund when collected."

Although it may be conceded that no one of these cases is "on all fours" with the case under consideration—nor have we, as stated by defendant's counsel, any Ohio case directly in point—yet, when taken in connection with the provisions of the statute, we have no hesitation in coming to the conclusion that the answer does not contain facts sufficient to constitute a defense to the action of the plaintiff, and that the court below erred in overruling the demurrer of the plaintiff thereto, and in discharging the defendant.

Judgment reversed, and cause remanded for further proceedings. All concur.

Albert Douglass, Jr., for plaintiff in error.

Mayo & Hinton, for defendant in error.